UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DESMOND ARNEZ MILLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:24-cv-00680-MTS |
| ANNE L. PRECYTHE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. [3]. For the reasons explained herein, the Court will deny the Application without prejudice and provide Plaintiff with sixty days to pay the filing fee or comply with 28 U.S.C. § 1915(a).

\*       \*       \*

Congress has mandated that the Clerk of this Court—like the clerk of any federal district court—require a filer "instituting any civil action, suit or proceeding . . . to pay a filing fee of $350," along with any "additional fees" that the Judicial Conference of the United States has prescribed. 28 U.S.C. § 1914(a), (b). Congress also has provided district courts with the power to "authorize the commencement" of any suit, action, or proceeding without the prepayment of fees if a filer is "unable to pay such fees or give security therefor" and files an affidavit stating the filer's assets, his or her inability to pay, and the nature of the action. *See id.* § 1915(a)(1). But, as relevant here, Congress has provided additional requirements that apply when the filer seeking to proceed without the prepayment of fees is a "prisoner."

The Prison Litigation Reform Act (PLRA or the Act) "requires all inmates to pay filing fees." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (citing Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996)). Indeed, as the U.S. Court of Appeals for the Eighth Circuit has said, "[t]he

purpose of the Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam).  The Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *accord* 28 U.S.C. § 1915(b)(1) (providing that "if a prisoner brings a civil action," then "the prisoner shall be required to pay the full amount of a filing fee").

In addition to filing the affidavit noted above, the PLRA requires a prisoner-litigant to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." *Id.* § 1915(a)(2).  With that account statement, the court must calculate "the average monthly deposits to the prisoner's account" and "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." *Id.* § 1915(b)(1)(A)-(B). The PLRA provides that the court then "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee" of twenty percent of whichever amount is greater, the average monthly deposits or the average monthly balance. *Id.*

Here, Plaintiff failed to include a certified copy of his account statement—or institutional equivalent—with his affidavit as required by section 1915(a)(2).  As courts consistently note, Congress wrote section 1915 in mandatory terms. *See, e.g.*, *Samarripa v. Ormond*, 917 F.3d 515, 521 (6th Cir. 2019); *Edwards v. Neb. Dep't of Corr.*, 8:23-cv-0002-JFB, 2023 WL 2186984, at *1 (D. Neb. Feb. 23, 2023); *Aikens v. Osorio*, 3:22-cv-00312-MR, 2022 WL 3590349, at *1 (W.D.N.C. Aug. 22, 2022); *Ortega v. Phaneof*, 1:19-cv-00893-JB, 2020 WL 4529334, at *1 (D.N.M. Apr. 8, 2020).  Based on the plain text of section 1915, without Plaintiff's account statement, the Court cannot grant Plaintiff's Application.  *See* 28 U.S.C. § 1915(a)(2), (b)(1).

For this reason, the Court will deny Plaintiff's Application to Proceed in the District Court Without Prepaying Fees or Costs without prejudice. *See Smith v. Urban*, 928 F. Supp. 532, 532 (E.D. Pa. 1996) (denying application for this reason); *Maisano v. Trans Car Inc.*, 416 F. App'x 605, 605 (9th Cir. 2011) (per curiam) (affirming denial of application for this reason). The Court will provide Plaintiff sixty days within which to pay the $405 filing fee in its entirety or file an application in compliance with section 1915(a)'s requirements. Failure to timely prepay the entire filing fee or file a proper application under section 1915 will result in the dismissal of this action without prejudice and without further notice. *See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under the PLRA, the failure to submit the prison account statements required by § 1915(a)(2) may result in dismissal of a prisoner's action (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997) (per curiam))); *see also, e.g.*, *Frey v. McCormack*, 150 F. App'x 848, 849 (10th Cir. 2005); *DeVaughn v. Johnson*, 80 F. App'x 684, 685 (D.C. Cir. 2003) (per curiam).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3] is **DENIED** without prejudice. Plaintiff is given through **Tuesday, August 27, 2024** to pay the full amount of the filing fee or to file an application to proceed in district court without prepaying fees or costs in compliance with 28 U.S.C. § 1915.

The Clerk of Court is directed to send to Plaintiff with this Memorandum and Order a copy of Form AO-240 (Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)).

Dated this 27th day of June 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE