# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DESMOND ARNEZ MILLS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-00680-MTS |
| ANNE L. PRECYTHE, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) is self-represented Plaintiff Desmond Arnez Mills' civil rights complaint. Doc. [1]. For the following reasons, the Court will dismiss it without prejudice for failure to state a claim upon which relief may be granted.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees if it is frivolous, malicious, or fails to state a claim on which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged,

but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging constitutional violations arising out of an incident in which he was stabbed by a fellow inmate while in administrative segregation at the Eastern Reception Diagnostic and Correctional Center (ERDCC). He names as Defendants the following custodial and medical staff at ERDCC: Richard Adams, John Doe, Mr. Unknown Berger, Mr. Unknown Bighorse, Joseph Resz, John Doe, Tim Freeman, Ms. Unknown Motley, Stephanie Tanderich, Steven Wheeler, and John and Jane Doe control-center officers. He also names the following officials at the Missouri Department of Corrections (MDOC): Anne L. Precythe and Jason Lewis. He has not indicated on the form complaint whether he is suing Defendants in their individual capacities, official capacities, or both.

Plaintiff states that on May 31, 2023, another inmate, Joseph Resz, stabbed him more than twelve times with a makeshift knife. He alleges Defendants Berger, Deaton, Motley, and Bighorse were working as custodial staff in Housing Unit 1 (HU1) on that day, and that they did not perform their 30-minute security rounds. Additionally, he states custodial staff working at the control center, John and Jane Does, were not monitoring the closed-circuit television cameras.

Plaintiff and Resz were housed in administrative segregation and scheduled on separate 30-minute rotations during which they were allowed out of their cells to shower. Resz's 30-minute rotation was immediately before Plaintiff's. During Resz's rotation, when officers announced that all inmates on rotation must return to their cells and lock down, Resz did not

return to his cell. Rather, he hid in a shower stall and laid in wait for Plaintiff to come out of his cell during his rotation. Plaintiff states staff in HU1 did not perform their required security checks and the camera monitors in the central control room did not notify HU1 staff that Resz never returned to his cell.

Resz attacked Plaintiff during his 30-minute rotation and repeatedly stabbed him in his face, throat, and hands. Staff broke up the fight, and Plaintiff sought treatment at the medical unit. An unknown nurse, Jane Roe, examined Plaintiff and said, "You need to go to the hospital but the institution don't like paying for hospital bills." Doc. [1-3] at 3. Instead, the nurse gave Plaintiff what he characterizes as simple first aid, applying an adhesive substance to his wounds. A few hours later, the nurse reapplied the adhesive to Plaintiff's neck wound because the bleeding was not controlled. Plaintiff alleges that "at no time did plaintiff receive a proper examination to ensure of no internal injuries, nor was plaintiff given a tetanus shot to ensure an infection/disease wouldn't set in." *Id.*

Plaintiff states that medical staff's failure to properly treat his serious injuries has caused him complications, including pressure in his throat upon swallowing. Also, because of the trauma of the attack, when he touches or looks at his face and throat, he experiences fear, anxiety, panic attacks, and depression. He also suffers from physical pain, mental anguish, fright, shock, embarrassment, humiliation, night terrors, and insomnia. He has been prescribed an antidepressant to help alleviate these symptoms.

As to his claims against MDOC staff, he states Defendant Precythe failed to properly train her subordinates. He alleges Defendant Lewis was deliberately indifferent by not acting "on information indicating that unconstitutional acts were occurring along with policy and

procedures not being followed." *Id.* at 5. He also alleges Defendant Adams, Warden of ERDCC, is responsible for all his subordinates' actions.

For relief, Plaintiff seeks compensatory damages of $75,000, jointly and severally against all Defendants, and punitive damages of $280,000,000. He states, "I believe I'm entitled to that because each defendant played a part in the breakdown of the policy and procedures which created an environment possible for an inmate who's known to be aggressive and dangerous [to] make a knife out [of] a[n] administrative segregation food tray, and stay out [past] his recreation and stab me over 12 times in vital parts of my body." *Id.* at 8.

## Discussion

Plaintiff has not alleged whether he sues Defendants in their individual capacities, official capacities, or both. This is fatal to his claims. A plaintiff may bring a 42 U.S.C. § 1983 claim against a public official in any of these capacities. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). But when the complaint says nothing about the capacity in which the plaintiff sues a defendant, the Court interprets the complaint as bringing an official capacity claim against that defendant. *Id.* (quoting *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995)). "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). In other words, when a plaintiff brings an official capacity claim, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (quoting *Brockington v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007)).

> (1) *Custodial Defendants—Anne L. Precythe, Richard Adams, John Doe, Jane Doe, Mr. Unknown Berger, Mr. Unknown Bighorse, Jason Lewis, Tim Freeman, Ms. Unknown Motley, Stephanie Tanderich, and Steven Wheeler*

Here, the Court interprets Plaintiff's complaint as bringing official capacity claims against each individual custodial Defendant at either ERDCC or MDOC. *See supra*; *see also Baker*, 501 F.3d at 923. Those claims constitute claims against their employer, MDOC. *See Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).

Plaintiff's claims against MDOC must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Plaintiff's claims against the ERDCC and MDOC Defendants are claims against MDOC, which is a state agency. However, as noted above, a state agency is not a "person" for purposes of § 1983. Furthermore, suit against MDOC is barred by the Eleventh Amendment. Therefore, Plaintiff's claims against the custodial Defendants—Precythe,

Adams, John and Jane Doe, Berger, Bighorse, Lewis, Freeman, Motley, Tanderich, and Wheeler—must be dismissed for failure to state a claim.

   (2)  The Medical Defendant—Jane Roe[1]

As for Defendant Nurse Jane Roe, Plaintiff's claims of deliberate indifference to a serious medical need also must be dismissed. As discussed above, an official capacity claim brought against an individual is actually brought "against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see Brewington*, 902 F.3d at 800; *see also Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (explaining that a suit against a public official "is actually a suit against the entity for which the official is an agent"). Thus, Plaintiff's apparent § 1983 claim against Nurse Roe constitutes a claim against her employer, Covidian Healthcare, the company contracted to provide health care services at MDOC facilities. *See Houston v. McKinney*, 4:19-cv-1901, 2019 WL 6875914, at *4 (E.D. Mo. Dec. 17, 2019) (holding that an official capacity claim against a doctor was a claim against Corizon Health Care, the doctor's employer and governmental contractor).

Where, as here, a corporation acts under color of state law, it "cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, Plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th

---

[1] Plaintiff does not name Nurse Jane Roe in the caption of his complaint, *see* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."), but he makes multiple, specific allegations against her in the body of his complaint. These allegations affirmatively and specifically describe her conduct and her statements related to subject matter of Plaintiff's other claims. Out of an abundance of caution, the Court determines that Plaintiff's complaint, liberally construed, asserts deliberate indifference claims against Nurse Jane Roe.

Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"). Plaintiff has not alleged that any policy, custom, or official action of Covidian Healthcare inflicted his injuries. Therefore, his claims against Defendant Nurse Roe brought in her official capacity must be dismissed.[2]

### (3)   Defendant Joseph Resz

Defendant Joseph Resz is the offender who attacked Plaintiff with the handmade knife. But a fellow inmate is not a state actor for purposes of liability under § 1983. Section 1983 imposes liability on government actors acting under color of state law. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.*   Here, Plaintiff does not allege Defendant Resz came to any

---

[2] The Court notes that, liberally construed, the factual allegations in Plaintiff's Complaint might support a state-law claim for negligence against Nurse Roe, at least to the extent that she breached a duty owed to Plaintiff when she failed to advocate for his hospitalization or otherwise failed to render medical services that met the applicable standard of care. *See, e.g.*, *Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo. Ct. App. 1998) (prisoner negligence claim against treating nurse). However, even if Plaintiff stated such a claim, the Court would decline to exercise supplemental jurisdiction over it because the Court will dismiss all of Plaintiff's § 1983 claims. *See* 28 U.S.C. § 1367(c)(3).

understanding with any state actors to violate Plaintiff's constitutional rights. His claims against Defendant Resz will be dismissed for failure to state a claim.[3]

### (4) *Violating Prison Policy or Procedure Is Not a Constitutional Violation*

Finally, to the extent Plaintiff is alleging § 1983 violations based on Defendants' failure to follow prison policies and procedures, these claims are subject to dismissal. It is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. That is, an internal prison policy or procedure does not create a constitutional right, nor does a prison official's failure to follow such a policy or procedure rise to the level of a § 1983 claim. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Because any failure of Defendants to follow prison policy cannot be the basis for a § 1983 claim, the Court will dismiss these claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Anne L. Precythe, Richard Adams, John and Jane Doe, Mr. Unknown Berger, Mr. Unknown Bighorse, Mr. Joseph Resz, Jason Lewis, Tim Freeman, Ms. Unknown Motley, Stephanie Tanderich, and Steven Wheeler are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[3] Plaintiff's factual allegations support a state-law claim for battery against Defendant Resz. *See, e.g.*, *Geiger*, 974 S.W.2d at 516 ("A battery is an intended, offensive bodily contact with another."). However, like the potential state-law claim against Nurse Roe above, the Court declines to extend supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel and motion for discovery concerning Doe defendants are **DENIED as moot**. Docs. [2] and [13].

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE